**4**

Nikita PETTIES, et al., Appellees

v.

**DISTRICT OF COLUMBIA,**
**et al., Appellants.**

No. 06–7074.

United States Court of Appeals,
District of Columbia Circuit.

May 1, 2007.

Steven Ney, University Legal Services, Inc., David Patrick Sheldon, Law Offices of David P. Sheldon, Bradford Paul Johnson, Law Office of Bradford P. Johnson, Washington, DC, Daniel Adlai Katz, Andalman & Flynn, P.C., Silver Spring, MD, for Appellees.

Donna M. Murasky, Senior Assistant Attorney General, Edward Eugene Schwab, Deputy Attorney General, Todd Sunhwae Kim, Solicitor General, Office of Attorney General for the District of Columbia, Office of the Solicitor General, Laurel Pyke Malson, Crowell & Moring, Washington, DC, for Appellants.

Before: SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. The court has accorded the issues full consideration and has determined

that they do not warrant a published opinion. *See* D.C. CIR. R. 36(b). It is

**ORDERED** and **ADJUDGED** that the district court's order is affirmed.

On June 25, 2003, the District of Columbia agreed to entry of a Consent Order appointing a Transportation Administrator to, among other duties, "oversee, supervise and direct all financial, administrative, and personnel functions of [District of Columbia Public Schools] Transportation." Consent Order A.2. This interlocutory appeal challenges the district court's interpretation of the Consent Order authorizing the Transportation Administrator to enter into collective bargaining agreements without prior approval from the District of Columbia Board of Education. The District claims this authority runs afoul of several provisions of District of Columbia law, thereby violating section B.8 of the Consent Order, which states: "The Transportation Administrator shall act in a manner consistent with the laws and regulations of the District of Columbia."

We need not decide between these competing interpretations of the Consent Order because section B.8 provides an escape clause: "However, where [the laws and regulations of the District of Columbia] clearly prevent the Transportation Administrator from carrying out the duties and responsibilities set forth in this Order, the Transportation Administrator may petition the Court to waive any requirements imposed thereby." The Transportation Administrator did so petition. Although the district court did not invoke the escape clause explicitly, the court's opinion supports its use. As the district court wrote, the Consent Order was meant to appoint an independent Transportation Administrator who would " 'step into the shoes' of both the Superintendent of Schools and the Board of Education." *Petties v. District of Columbia*, No. 95–0148, 2006 WL 1046943, at *6 (D.D.C. Apr. 21, 2006). We agree with the district court that subordinating the Transportation Administrator to entities it was supposed to be independent of would frustrate the Administrator's duties under the Consent Order. As the district court put it, "the purpose and intent of the [Consent] Order could not be served if the [Transportation Administrator] could not exercise such independent authority." *Id.* We thus affirm the order of the district court on this alternative basis.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.